IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GLORIA WILSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 05-4200-CV-C-NKL |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, et al., | ) |
| Defendants. | ) |

**ORDER**

Effective July 1, 2005, nearly 90,000 low-income parents and caretakers are no longer eligible for Missouri's Medicaid program, Medical Assistance for Families ("MAF"). This significant loss of benefits is the result of the State's decision to change the income requirements for the program. Before today, a family living at 75% of the poverty level would have qualified for MAF benefits. Today, a family earning more than 23% of the poverty level (e.g., $3,500 per year for family of three) is ineligible.

The Plaintiffs do not question the State's authority to change MAF's eligibility requirements. Rather, the Plaintiffs argue that the State failed to follow the proper procedures established by law--in particular, federal law--before terminating the MAF benefits of thousands of Missouri low-income residents. Specifically, the Plaintiffs argue that (1) the State failed to perform an *ex parte* review of recipients' files before sending notice of anticipated termination of benefits; (2) the State failed to allow recipients to

1

request a hearing up until July 1, 2005, the date their benefits would be terminated; and (3) the State proceeded in a careless and hasty manner, resulting in the wrongful termination of benefits for people who are in fact eligible to receive them.

After careful consideration of these arguments and the law, and after having provided the parties with a hearing, the Court concludes that the Plaintiffs have not demonstrated that they are likely to succeed on the merits, even though it is clear that the current Medicaid recipients who are being denied medical care will be irreparably harmed. *See Dataphase Systems, Inc. v. C L Systems, Inc*., 640 F.2d 109 (8th Cir. 1981); *Randolph v. Rogers*, 170 F.3d 850, 857 (8th Cir. 1999).

Based on the record currently before the Court, it appears that the State has satisfied the absolute minimum procedures required by law. First, the State must conduct an *ex parte* hearing before terminating benefits, *Crippen v. Kheder*, 741 F.2d 102 (6th Cir. 1984). The record indicates that the State has minimally met that requirement. During the hearing on the pending motion, the State represented that, with the assistance of its computer system, it conducted an *ex parte* review of all MAF recipients' files to determine whether recipients who no longer met the income requirements would be eligible under alternative categories of eligibility. The State has also represented to the Court that it did an individualized paper review after the computer review had reduced the number of Medicaid recipients who would be terminated.

Second, the State is required to mail an adequate notice of termination "at least 10 days before the date of action . . . ." 42 C.F.R. § 431.211. The notice must include a

2

clear statement of the action the State intends to take, the reasons for the intended action, the legal bases for the action, an explanation of the individual's right to request a hearing, the circumstances under which a hearing will be granted, and an explanation of the circumstances under which Medicaid will be continued if a hearing is requested. 42 C.F.R. § 431.210. *See also David v. Heckler*, 591 F. Supp. 1033 (E.D. N.Y. 1984) (notice must be clearly written and must contain enough information regarding the bases for the decision in order to enable an individual to effectively appeal the decision).

Based on the information before the Court, it appears that the State has met these requirements. On or about May 20, 2005, the State mailed a notice to those recipients who might be affected by the new eligibility requirements. (Pl. Ex A, attached to Cohan Declaration [Doc. 3].) The notice states that Missouri legislation had reduced the income limits for parents and caretakers under the MAF program. The notice states that, based on the recipient's income and family size, the recipient would no longer be eligible for MAF benefits (or, in some cases, that the recipient would receive temporary medical assistance for a period of one year), effective July 1, 2005. The notice includes a table specifying the monthly income limit for any particular household size. The notice further informs the recipient that he or she could request a hearing to challenge the decision, and that his or her MAF benefits would continue pending the outcome of the hearing.

Third, the State is required to allow the recipient a reasonable time to request a hearing, 42 C.F.R. § 431.221, and, if a hearing is requested, to continue services until the hearing is held and a decision rendered. 42 C.F.R. § 431.230. The State represented at

3

Case 2:05-cv-04200-WAK   Document 10   Filed 07/05/05   Page 3 of 5

the hearing that MAF recipients who requested a hearing continued to receive their benefits pending the outcome of the hearing.

Based on the information before the Court, the State has done all that it was minimally required to do. The authority cited by the Plaintiffs does not require the State to complete its *ex parte* review before sending notice of anticipated termination of benefits. Nor does the law require the State to allow recipients to appeal the anticipated action up until the date of action. At the conclusion of the hearing, the Plaintiffs cited the authority that they felt weighed most persuasively in their favor. The Court scoured that authority, and found no support for the Plaintiffs' specific arguments that the State must complete the ex parte review before sending out notices, or that the May 31, 2005, deadline for requesting a hearing was contrary to federal law.

The Plaintiffs have succeeded in showing that, in some cases, the State has erroneously concluded that some eligible recipients are ineligible. Given the severe consequences that can result from even temporary deprivation of medical care, the Court takes these allegations very seriously. However, there is nothing in the record to suggest that these errors are sufficiently widespread so as to rise to the level of a constitutional violation. While the State bureaucracy may be negligent or callous, the Plaintiffs have provided no evidence suggesting that the measure of error in this case is sufficient to implicate due process concerns at a global level.[1] Furthermore, each recipient was given

---

[1] Of course, individual recipients may be able to demonstrate that their due process rights were violated based on individual circumstances. The Court is not finding that the State has satisfied due process in individual cases.

4

the opportunity to have a hearing to contest the State's finding of ineligibility. Based on its current understanding of the record, the Court cannot say that the State's procedures violated federal law.

Accordingly, it is hereby

ORDERED that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 3] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 5, 2005
Jefferson City, Missouri